UNITED STATES of America, Plaintiff—Appellant,

v.

Gary Allan SCHLAKE, Defendant— Appellee.

United States of America, Plaintiff—Appellee,

v.

Gary Allan Schlake, Defendant— Appellant.

No. 04–30424, 04–30470.

United States Court of Appeals, Ninth Circuit.

Submitted May 1, 2006.*

Decided May 8, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William W. Mercer, Esq., USBI—Office of the U.S. Attorney, Billings, MT, Kris A. McLean, Esq., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellant and Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellee and Defendant–Appellant.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

The United States appeals the pre-*Booker* imposition of a 60–month statutory minimum sentence for attempted child enticement. Schlake cross-appeals, challenging the imposition of a life term of supervised release. As the parties are familiar with the facts of the case, we need not recite them here.

## STANDARD OF REVIEW

Questions of law, including the district court's interpretation of the Guidelines, are reviewed *de novo*. *United States v. Ramirez*, 347 F.3d 792, 797 (9th Cir.2003).

## ANALYSIS

### 1. Calculation of the Guidelines Range

The government argues that the district court erred in refusing to enhance Schlake's sentence pursuant to USSG § 4B1.5, "Repeat and Dangerous Sex Offender against Minors." The government asserts that the 4B1.5 enhancement applies because Schlake was previously convicted under state law of an offense equivalent to having "knowingly persuade[d], induce[d], entice[d], or coerce[d] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempt[ed] to do so." 18 U.S.C. § 2422(b); *see* USSG § 4B1.5(a) & cmt. 3(A)(ii)(1); 18 U.S.C. § 2426(b)(1)(B).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

To determine whether a previous guilty plea proves conduct making the defendant eligible for a sentence enhancement, we consider what facts are proved beyond a reasonable doubt by the defendant's admissions. This inquiry "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005).

 The plea agreement indicates only that Schlake pled guilty to two counts of "Endangering the Welfare of a Child." Because the Montana child endangerment statute proscribes some conduct that clearly cannot be the basis for an enhancement pursuant to USSG § 4B1.5, such as encouraging a child to run away from home, M.C.A. 45–5–622(2)(b)(i), the plea agreement alone does not reflect an admission of facts necessary to enhance Schlake's sentence. The government urges us to infer additional facts from the probation conditions imposed by the plea agreement, but we decline to do so; the inquiry under *Shepard* is a search for reliable records of a defendant's admissions proving the admitted conduct beyond a reasonable doubt, not a search for grounds to infer that such an admission may have taken place.

The charging document, too, is insufficient to enhance Schlake's sentence under USSG § 4B1.5. Schlake was charged with violating M.C.A. 45–5–622(2)(b)(ii), which makes it a crime for any person "supervising the welfare of the child ... [to] knowingly contribute[ ] to the delinquency of a child less than ... 16 years old by assisting, promoting, or encouraging the child to ... engage in sexual conduct." In Montana, "sexual conduct" is defined to include some sexual acts in which persons under 16 years of age may lawfully engage. M.C.A. 45–5–620. For example, encouraging a 15–year–old boy to go home and masturbate is a crime under Montana law, M.C.A. 45–5–622(2)(b)(ii), 45–5–620(1)(d), but the boy's private masturbation is not "sexual activity for which any person can be charged with a criminal offense," 18 U.S.C. § 2422(b). Because a violation of M.C.A. 45–5–622(2)(b)(ii) is not necessarily a violation of 18 U.S.C. § 2422(b), Schlake's admission that he violated the Montana statute is insufficient to allow a 4B1.5 enhancement.

The docket sheet recording Schlake's Montana guilty plea includes a handwritten note that begins, "[7]/2/01 guilty. Ct. acc. plea + finds guilty. (consensual sexual rel.—but not legal age)." This note does not purport to record the defendant's admission of the facts undergirding his plea and is therefore excluded from our *Shepard* inquiry.

Taken together, the documents considered in the *Shepard* inquiry do not prove beyond a reasonable doubt that Schlake admitted facts necessary to enhance his sentence pursuant to USSG § 4B1.5.

## 2. Is the Government Entitled to a Limited Remand?

 Schlake's sentence was imposed under a mandatory Guidelines regime and constitutes unpreserved, non-constitutional *Booker* error. The record does not reflect whether Schlake would have received a different sentence had the district court known that the Sentencing Guidelines were advisory. Therefore, we must remand the matter to the district court for a determination whether "the sentence imposed would have been materially different had the district court known the sentencing guidelines were advisory." *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc); *see United States v.*

*Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005).

## CONCLUSION

We **AFFIRM** district court's calculation of the applicable Guidelines range, but because the sentence was imposed under a mandatory Guidelines regime, we **RE-MAND** pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc).

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Schlake has filed a brief stating there are no grounds for relief, and a motion to withdraw as counsel of record in connection with Schlake's cross-appeal. Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83–84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no grounds for relief. **Accordingly, we reject Schlake's appeal and GRANT counsel's motion to withdraw.**